## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TAMARA MEYER, SPECIAL ADMINISTRATOR FOR THE ESTATE OF FRANCYNE MCQUILLAN, DECEASED, | ) ) ) ) ) CASE NO.: 8:26-CV-00304 <br> DOUGLAS COUNTY CASE NO. CI26-4468 |
| Plaintiff, | ) ) |
| v. | ) DEFENDANT'S ) NOTICE OF REMOVAL ) |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY — MILLARD, | ) ) ) ) ) |
| Defendant. | ) |

COMES NOW, Defendant, The Evangelical Lutheran Good Samaritan Society ("Good Samaritan Society"), by and through its undersigned counsel, and hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Nebraska District Court for Douglas County to the United States District Court for the District of Nebraska. In support thereof, Defendant states as follows:

### BACKGROUND

1.      On May 27, 2026, Plaintiff Tamara Meyer, as Special Administrator for the Estate of Francyne McQuillan, Deceased ("Estate") filed a Complaint and Demand for Jury Trial ("Complaint") in the Nebraska District Court for Douglas County under Case No. CI264468. *See* Exhibit A at 1 (file stamp).

2.      Good Samaritan Society was served the Complaint on June 2, 2026. *Id.* at 11.

3.      Plaintiff alleges negligence against Good Samaritan Society, arising from the care provided to Francyne McQuillan ("McQuillan") at Good Samaritan Society — Millard in Douglas County, Nebraska. *Id.* at 2-6 ¶¶ 9-42.

1

## GROUNDS FOR REMOVAL

4.    A civil action brought in state court is removable if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a).

5.    District courts have original jurisdiction over all civil actions in which there is complete diversity of citizenship between plaintiffs and defendants, and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

6.    This Court has original jurisdiction over Plaintiff's claims because the parties are completely diverse, and the amount in controversy exceeds the jurisdictional minimum.

   A.   *There is Complete Diversity of Citizenship between Plaintiff and Defendant.*

7.    A corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

8.    Good Samaritan Society is a nonprofit corporation incorporated under the laws of North Dakota with a principal place of business in Sioux Falls, South Dakota.

9.    Good Samaritan Society is therefore a citizen of the State of North Dakota and the State of South Dakota for the purposes of diversity jurisdiction.

10.    Upon information and belief, Plaintiff is a resident of Sarpy County, Nebraska.

11.    The Parties are completely diverse.

   B.   *The Amount in Controversy Exceeds $75,000, Exclusive of Interests and Costs.*

12.    Removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Turntine v. Peterson*, 959 F.3d 873, 881 (8th Cir. 2020).

13.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014).

14.     When a complaint "does not limit its request for damages to a precise monetary amount," the amount in controversy is measured "by a reasonable reading of the value of the rights being litigated." *See id.* (cleaned up); *Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019) (noting that courts measure the amount in controversy "by the value to the plaintiff[s] of the right sought to be enforced.").

15.     Here, Plaintiff alleges one count of negligence against the Defendant. *See* Exhibit A at 2-6 ¶¶ 9-42. Plaintiff seeks damages in an amount that exceeds the jurisdictional minimum, claiming damages in the amount of $91,117.70 for medical and rehabilitative expenses to date. *Id.* at 6 ¶¶ 40-42. Plaintiff also seeks general damages, interest, costs and fees, and any other relief deemed just and equitable. *Id.*

16.     The Parties are completely diverse and the amount in controversy exceeds $75,0000, exclusive of interest and costs. This Court therefore has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a).

## REMOVAL IS TIMELY

17.     Good Samaritan Society was served on June 2, 2026. *Id.* at 11.

18.     This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b)(1).

## VENUE IS PROPER

19.     The United States District Court for the District of Nebraska is the court embracing the Nebraska District Court for Douglas County, where this action was filed and is pending.

20.     Venue is therefore proper under 28 U.S.C. § 1441(a).

**NOTICE TO STATE COURT AND TRANSFER OF RELEVANT MATERIALS**

21.     As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously served on Plaintiff and filed with the Clerk of the Nebraska District Court for Douglas County.

22.     As required by 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders served upon Good Samaritan Society in the state court action are attached hereto as Exhibit A.

**28 U.S.C. 1445**

23.     None of the impediments to removal under 28 U.S.C. § 1445 are present in this action.

**RESERVATION OF RIGHTS AND DEFENSES**

Defendant expressly reserves all available defenses. By removing this action to this Court, Defendant does not waive any rights or defenses available under federal or state law, including but not limited to the right to arbitration. Nothing in this Notice of Removal shall be construed as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

WHEREFORE, Defendant, The Evangelical Lutheran Good Samaritan Society respectfully requests that the entire state court action now pending in the Nebraska District Court for Douglas County be removed to this Court for all further proceedings and that no further proceedings be held in the Nebraska District Court for Douglas County.

Dated this 30th day of June, 2026.

4

HEIDMAN LAW FIRM, P.L.L.C.


BY:   /s/ Jeff W. Wright
      JEFF W. WRIGHT, # 21601
      1128 Historic 4th Street
      P.O. Box 3086
      Sioux City, Iowa 51102
      Phone: (712) 255-8838
      Fax: (712) 258-6714
      Jeff.Wright@heidmanlaw.com

      ATTORNEYS FOR DEFENDANT


## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I electronically filed the foregoing document using the Court's CM/ECF system. I further certify that the following persons were served a true and correct copy on the same date via electronic mail:

Natalie M. Andrews
Chandler Conway P.C., LLO
1018 Dodge Street, Suite 5
Omaha, NE 68102
natalie@chandlerconway.com

ATTORNEYS FOR PLAINTIFF


                                   /s/ Jeff W. Wright

5