Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI260004468
Transaction ID: 0025060342
Filing Date: 05/27/2026 10:23:38 AM CDT

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| TAMARA MEYER, SPECIAL ADMINISTRATOR FOR THE ESTATE OF FRANCYNE MCQUILLAN, DECEASED,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY—MILLARD,<br><br>　　　　Defendant. | CASE NO. CI26-_____<br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, TAMARA MEYER, the Plaintiff, Special Administrator of the Estate of Francyne McQuillan, and for her cause of action against the Defendant, The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society—Millard, states and avers as follows:

### PARTIES

1. The Plaintiff, Tamara Meyer (hereinafter "Meyer"), is a resident of Sarpy County, Nebraska.
2. Meyer is the duly appointed Special Administrator for the Estate of Francyne McQuillan (hereinafter "McQuillan").
3. Meyer is the daughter of McQuillan.

**EXHIBIT**

**A**

1

Ex. A, p.1

4. Defendant, the Evangelical Lutheran Good Samaritan Society (hereinafter "Good Samaritan") d/b/a Good Samaritan Society – Millard is a nonprofit foreign corporation with its principal place of business located at 4800 W. 57th Street in Sioux Falls, South Dakota that transacts business in this State of Nebraska.

5. Defendant, Good Samaritan, operates a rehabilitative and long-term care facility in Omaha, Douglas County, Nebraska, at 12856 Deauville Drive, under the tradename Good Samaritan Society—Millard.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over the above-captioned lawsuit pursuant to Neb. Rev. Stat. § 24-302 because there is an actual and justiciable controversy between the parties to this lawsuit.

7. This Court has personal jurisdiction over Defendant pursuant to Neb. Rev. Stat. § 25-536 because they have transacted business and/or supplied services or goods in Nebraska. In addition, personal jurisdiction over Defendant complies with the Constitutions of Nebraska and the United States.

8. Venue is proper in Douglas County, Nebraska, pursuant to Neb. Rev. Stat. § 25-403.01 because of a substantial part of the events that gives rise to the above-captioned lawsuit took place in said county.

## COUNT I—NEGLIGENCE OF GOOD SAMARITAN

## DUTY

9. All preceding statements and allegations of the complaint are incorporated and realleged as if expressly set forth herein.

2

Ex. A, p.2

10. The Defendant had a duty at all times to exercise reasonable care in administration of skilled nursing, nursing, and rehabilitative care to its patients.

11. The Defendant had a duty had all times to properly train its staff when overseeing patients in need of skilled nursing, nursing, and rehabilitative care.

12. The Defendant had a duty had all times to properly educate its staff when overseeing patients in need of skilled nursing, nursing, and rehabilitative care.

13. The Defendant had a duty at all times to properly supervise its staff when overseeing clients in need of skilled nursing, nursing, and rehabilitative care.

14. The Defendant had a duty at all times to provide a sufficient number of competent nursing staff to provide care to its patients.

15. The Defendant had a duty at all times to ensure its nursing staff were trained to care, supervise, and treat patients deemed "unsteady on their feet," a "fall risk," and who have a "difficulty in walking."

16. The Defendant had a duty at all times to have in place proper policies and procedures for those patients that are deemed "unsteady on their feet," a "fall risk," and who have a "difficulty in walking."

17. Pursuant to federal regulations, the Defendant had a duty to implement baseline care plan for its patients within 48 hours of client's admission to the facility of the Defendant.

18. Pursuant to Nebraska state regulations, the Defendant had a duty to implement a preliminary nursing care plan within 24 hours of client's admission to the facility of the Defendant.

## FORESEEABILITY OF HARM

19. It is foreseeable that a patient with the classification of "unsteadiness on feet," such as McQuillan, requires proper

3

supervision, care, and assistance while walking through the facility.

20. It is foreseeable that a patient with the classification of "difficulty in walking," such as McQuillan, requires proper supervision, care, and assistance while walking through the facility.

21. It is foreseeable that a patient with a classification of "at risk for falls," such as McQuillan, would be at a higher risk for falls and requires proper supervision, care, and assistance from staff.

22. It is foreseeable that a patient with a classification of "with a decline in mobility," such as McQuillan, would be at a higher risk for falls and requires proper supervision, care, and assistance from staff.

23. It is foreseeable that a patient with a classification of "history of falling," such as McQuillan, would be at a higher risk for falls and requires proper supervision, care, and assistance from staff.

## BREACH

24. On or about August 31, 2023, McQuillan was admitted to Good Samaritan for skilled nursing/nursing services in a long-term care facility after suffering from a fall while living at home.

25. McQuillan was admitted to Good Samaritan after sustaining a fall at home, while living alone, wherein she severely injured her left eye and damaged her vision in the left eye.

26. Upon admission to Good Samaritan, McQuillan underwent an initial assessment for a care plan.

27. It was noted in McQuillan's admission care plan that she had "unsteadiness on feet," "difficulty in walking," and a "history of falling."

4

28. Prior to July 5, 2024, McQuillan was classified as a "risk for falls" following a physical therapy evaluation conducted by Defendant.

29. On July 5, 2024, at Good Samaritan—Millard, a member of the nursing staff of Defendant directed McQuillan to the weigh room prior to bathing, which required McQuillan to leave her residential room.

30. That on same date, July 5, 2024, the nursing staff **left McQuillan alone** while McQuillan was walking to this weigh room, where she was to be weighed prior to her bathing.

31. That on this same date, July 5, 2024, McQuillan had a diagnosis of adult failure to thrive, and consequently required her weight to be taken multiple times per week by staff.

32. That during the time in which McQuillan was left alone by nursing staff en route to the weigh room, she sustained a catastrophic fall, causing her to become functionally blind.

33. That nursing staff of Defendant failed to properly supervise, care for, and assist McQuillan.

34. That Defendant breached their duty owed to McQuillan by failing to adequately instruct, train, educate, and/or supervise its staff.

35. That Defendant breached their duty owed to McQuillan by violating their own internal policies and procedures with respect to care and treatment of patients.

36. That Defendant breached their duty owed to McQuillan in its failure to maintain McQuillan's abilities, a diminution which was avoidable with proper care and treatment.

37. That Defendant breached their duty owed to McQuillan in its failure to provide appropriate standards of care and treatment for McQuillan to maintain her vision abilities

5

38. That Defendant breached their duty owed to McQuillan by violating Nebraska State Safety Regulations concerning care and treatment of clients in skilled nursing facilities.

39. That Defendant breached their duty owed to McQuillan in by violating Federal Safety Regulations concerning care and treatment of clients in skilled nursing facilities.

## CAUSATION AND DAMAGES

40. As a direct and proximate result of the Defendant's negligence, McQuillan suffered serious injuries to her person, including but not limited to injury to the globe of the right eye, traumatic hematoma of the right eyebrow, and displaced fracture of the right humerus.

41. As a direct and proximate result of Defendant's negligence, Plaintiff sustained mental and physical pain from suffering, disability, impairment, inconvenience, and loss of enjoyment of life.

42. The above injuries have caused Plaintiff:

   a. Medical and rehabilitative expenses received to date in $91,117.70 to date; and

   b. Physical pain, emotional distress, and inconvenience and mental suffering.

WHEREFORE, Tamara Meyer, Special Administrator of the Estate of Francyne McQuillan, Plaintiff, respectfully requests for judgement against the Defendant for McQuillan's special damages to date, plus an additional amount for general damages; interest as allowed by law; costs of this action; attorney's fees as allowed by law; and for such other further relief as the Court deems just and equitable.

DATED this 27th day of May, 2026.

By:

TAMARA MEYER, SPECIAL
ADMINISTRATOR FOR THE
ESTATE OF FRANCYNE
MCQUILLAN, DECEASED,
Plaintiff,
/S/ Natalie M. Andrews
NATALIE M. ANDREWS, #25720
Chandler | Conway P.C., LLO
1018 Dodge Street Ste. #5
Omaha, NE 68102
P: (402) 933-6858
F: (866) 929-7939
natalie@chandlerconway.com
*Attorney for Plaintiff*

## REQUEST FOR JURY TRIAL

Plaintiff respectfully requests a jury trial before the District
Court in Douglas County, Nebraska.

/s/ NATALIE M. ANDREWS

7

| Image ID: | **SUMMONS** | |
|---|---|---|
| D01048669D01 | | Doc. No.   1048669 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                 NE 68183

Tamara Meyer v. Evangelical Luth. Good Sam. Soc

Case ID: CI 26      4468

TO:  Evangelical Luth. Good Sam. Soc
DBA: Good Samaritan Society - Millard

You have been sued by the following plaintiff(s):

     Tamara Meyer Special Admin

Plaintiff's Attorney:    Natalie M Andrews
Address:                 1018 Dodge Street Suite 5
                         Omaha, NE 68102

Telephone:               (402) 933-6858

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who
are not attorneys and representing themselves to provide their email address to
the court in order to receive notice by email from the court about the case.
Complete and return the attached form to the court if representing yourself.
This document is not the same as a response to the lawsuit which must be filed
as a separate document.

Date:  MAY 27, 2026      BY THE COURT: _Crystal Rhoades_
                                              Clerk

Image ID:                                 **SUMMONS**                              Doc. No.  1048669
D01048669D01

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Evangelical Luth. Good Sam. Soc
        c/o CT Corporation System
        5601 South 59th Street
        Lincoln, NE 68516

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| | REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT | |
|---|---|---|

**IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA**

1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

Case ID:  D   1  CI   26      4468

Tamara Meyer v. Evangelical Luth. Good Sam. Soc

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐  My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐  I do not have the ability to receive emails. The reason I cannot receive email is:

_____
_____
_____


_____        _____
Signature                                   Date

_____        _____
Name                                        Street Address/P.O. Box

_____        _____
Phone                                       City/State/ZIP Code

**This form must not be used as an answer in a civil proceeding.**

**This form must be filed in addition to any other pleading.**

Ex. A, p.10

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
06/02/2026
CT Log Number 552375463

## Service of Process Transmittal Summary

**TO:**    MISTY HAM-QUICK
Sanford Health
2301 E 60TH ST N
SIOUX FALLS, SD 57104-0569

**RE:**    **Process Served in Nebraska**

**FOR:**   The Evangelical Lutheran Good Samaritan Society  (Domestic State: ND)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: TAMARA MEYER, SPECIAL ADMINISTRATOR FOR THE ESTATE OF FRANCYNE MCQUILLAN, DECEASED // To: The Evangelical Lutheran Good Samaritan Society |
| **CASE #:** | CI264468 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment |
| **PROCESS SERVED ON:** | C T Corporation System, Lincoln, NE |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 06/02/2026 |
| **JURISDICTION SERVED:** | Nebraska |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  MISTY HAM-QUICK  mhamquic@good-sam.com |
| | Email Notification,  MISTY HAMQUICK  mhamquic@good-sam.com |
| | Email Notification,  Sei Anna Ekthanitphong  sekthani@good-sam.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
5601 South 59th Street
Lincoln, NE 68516
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Ex. A, p.11



Ex. A, p.12